
RECEIVED
IN MONROE, LA
JAN 0 9 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| ANDREW HANGO | CIVIL ACTION NO. 05-2196 |
| VERSUS | JUDGE ROBERT G. JAMES |
| ALBERTO GONZALES, ET AL. | MAG. JUDGE KAREN L. HAYES |

RULING

On November 6, 2006, the Court issued a Judgment ("Judgment") [Doc. No. 32] adopting the Report and Recommendation of the Magistrate Judge [Doc. No. 29] and granting Petitioner's Petition for a Writ of Habeas Corpus [Doc. No. 1].

Pending before the Court is Respondents' Motion for New Trial filed on November 21, 2006 [Doc. No. 33]. On November 28, 2006, Petitioner filed an opposition [Doc. No. 35].

For the following reasons, Respondents' Motion for New Trial is DENIED.

I. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 59(a), the Court may "open [a] judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions and direct the entry of a new judgment" within ten days upon motion by a party. Fed. R. Civ. P. 59(a), (b). The Court finds that Respondents' motion was served within ten days, exclusive of intermediate Saturdays, Sundays, and legal holidays, of the Court's Ruling of November 6, 2006. Accordingly, this motion is governed by Rule 59(a).

The Court has discretion in deciding whether to reopen a case on the basis of newly

1

discovered evidence. *See Diaz v. Methodist Hosp.*, 46 F.3d 492, 495 (5th Cir. 1995). "In deciding whether newly discovered evidence is sufficient to warrant a new trial, the district court should consider whether the evidence: (1) would probably have changed the outcome of the trial; (2) could have been discovered earlier with due diligence; and (3) is merely cumulative or impeaching." *Id.* at 495.

## II. ANALYSIS

Respondents claim that new and previously unavailable evidence was discovered which affects the outcome of this case. Specifically, on September 29, 2006, the United States Court of Appeals for the Sixth Circuit denied Petitioner's request to review his removal order. Following the Sixth Circuit's denial, Respondents assert that Immigration and Customs Enforcement ("ICE") has renewed its efforts to obtain travel documents for Petitioner from the Tanzanian Embassy. Therefore, Respondents argue that Petitioner cannot show that his removal in the foreseeable future is unlikely.

Petitioner responds that the Magistrate Judge found his removal was unlikely because the Tanzanian Embassy stated that it would not issue a travel document because of Petitioner's strong familial ties in the United States and lack of familial ties in Tanzania, not because of his pending litigation. While the Magistrate Judge noted Petitioner's pending litigation in the Sixth Circuit (and a New Jersey District Court), she explicitly rejected the possibility of a stay of removal as a basis for her decision. Therefore, Petitioner argues that the Sixth Circuit's decision is irrelevant.

The Court finds it is unlikely that the removal order will be effectuated in the near future

2

because of the Tanzanian Embassy's concern regarding Petitioner's familial ties. While the Tanzanian Embassy recognized Petitioner's pending civil rights lawsuit *in a New Jersey District Court*, it clearly stated that ". . . the pending case is not the basis for our decision; it is the right to stay with your family here in the United States. . . and taking into consideration your close family's predicament back home in Tanzania." [Petitioner's Exh. 2]. Irrespective of "renewed efforts" by ICE to obtain travel documents, the Tanzanian Embassy's primary concern, Petitioner's familial ties, remains unchanged. Therefore, the Sixth Circuit's decision has no effect on the Court's Judgment.

## III. CONCLUSION

Having carefully considered and rejected the arguments presented by Respondents, and failing to find that the additional evidence would have changed the Court's Judgment, Respondents' Motion for New Trial is DENIED.

MONROE, LOUISIANA, this 9 day of January, 2007.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE