UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**ANDREW HANGO** : CIVIL ACTION NO. 3:05-cv-2196
A#76029374 SECTION P

**VERSUS** : JUDGE ROBERT G. JAMES

**U.S. ATTORNEY GENERAL, ET AL.** :

## MEMORANDUM RULING

Before the court is a Motion to Reopen [doc. 40] filed by pro se plaintiff Andrew Hango. The motion relates to a petition for writ of habeas corpus filed in this court under 28 U.S.C. § 2241 and granted on November 6, 2006.

### I.
#### BACKGROUND

Hango is a native of Tanzania who entered this country as a non-immigrant student in September 1997.[1] Doc. 29, p. 1. On September 4, 2001, the former INS issued a Notice to Appear, stating that he was subject to deportation for failure to maintain his status as a student. *Id.* In November 2003 the immigration court issued a warrant of removal/deportation and Hango was taken into ICE custody. *Id.* at 2–3. He was scheduled for deportation to Tanzania via commercial airliner on May 12, 2004. *Id.* However, he resisted boarding and the flight attendant would not allow him to be boarded forcibly. *Id.* at 3. The Tanzanian embassy then announced that it would not issue travel documents for Hango due to his marriage to an American citizen, though the United

---

[1] These background facts are drawn from the report and recommendation granting Hango's §2241 petition, which also contains a detailed summary of Hango's immigration proceedings. Doc. 29. The undersigned adopted the report and recommendation on November 6, 2006. Doc. 32.

States government maintained that this marriage did not change his legal status or make him eligible to remain in the United States. *Id.* at 3–7.

Hango challenged his detention through, inter alia, a § 2241 petition in the Eastern District of Louisiana, which was transferred here on December 20, 2005. Docs. 1, 5. This court determined that Hango's detention violated the standards set forth in *Zadvydas v. Davis*, 533 U.S. 678 (2001). Docs. 29, 32. It granted the writ on November 6, 2006, ordering that Hango be released from custody under appropriate restrictions. *Id.* The government moved for a new trial and the court denied the motion on January 9, 2007. Doc. 36. Hango now moves to have his § 2241 proceeding reopened, asserting that he has complied with the terms of his release but was nevertheless arrested and returned to ICE custody on March 6, 2019. Doc. 40. He is currently detained at the Geauga County Safety Center in Chardon, Ohio, and again challenges his detention under *Zadvydas*. *Id.*

## II.
### LAW & ANALYSIS

In *Zadvydas*, the Court held that it is presumptively unconstitutional for an alien to be detained for more than six months past the 90-day removal period following an order of removal. 533 U.S. at 699–701. After expiration of this period, an alien may seek release by showing "good reason to believe that there is no significant likelihood of removal in the foreseeable future." *Adefemi v. Gonzales*, 228 Fed. App'x 415 (5th Cir. 2007). As the Supreme Court emphasized, this presumption "does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 S.Ct. at 701. In seeking relief under *Zadvydas*, the petitioner "bears the initial burden of proof in showing that no such likelihood of removal exists." *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006).

The order of release in this case was based on a determination in 2006 that Hango's detention up to that time was unreasonable and that there was no significant likelihood of removal in the foreseeable future. It did not amount to a permanent injunction against future detention. *See, e.g.*, *Hechavarria v. Salinas*, 2018 WL 1938040, at *3 (S.D. Tex. Mar. 13, 2018) (explaining limits of a § 2241 grant in anticipating legality of future detention). Accordingly, the 2006 order of release does not invalidate the petitioner's current incarceration.

Meanwhile, the district of incarceration has **exclusive** jurisdiction over an inmate's § 2241 petition challenging present physical confinement. *Lee v. Wetzel*, 244 F.3d 370, 373–74 (5th Cir. 2001). Jurisdiction vests when the petition is filed and is not destroyed by the petitioner's subsequent transfer or by his release while the petition is still pending. *Griffin v. Ebbert*, 751 F.3d 288, 290–91 (5th Cir. 2014); *Port v. Heard*, 764 F.2d 423, 425 (5th Cir. 1985). However, Hango's § 2241 proceedings concluded in this court and his motion to reopen represents a challenge to incarceration in a new district, based on possible changes to his likelihood of removal or violation of his terms of release. Accordingly, this court is without jurisdiction to determine Hango's present right to release. To challenge his confinement, Hango should instead seek relief through a new petition filed in the United States District Court for the Northern District of Ohio.

### III.
#### CONCLUSION

For the reasons stated above, the Motion to Reopen [doc. 40] is **DENIED**.

**THUS DONE** in Chambers this 21st day of March, 2019.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE